STEPHEN M. LOBBIN
sml@smlavvocati.com
SML AVVOCATI P.C.
969 Hilgard Ave. #1012
Los Angeles, California 90024
(949) 636-1391 (Phone)

*Attorney(s) for Social Positioning Input Systems, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **SOCIAL POSITIONING INPUT SYSTEMS, LLC,** | § § § | |
| **Plaintiff,** | § § | **Case No. 8:21-cv-01536** |
| **vs.** | § § | **DEMAND FOR JURY TRIAL** |
| **LOCATION BASED TECHNOLOGIES, INC.,** | § § § § | |
| **Defendant.** | § § | |
| | § | |

## COMPLAINT

Plaintiff Social Positioning Input Systems, LLC ("Plaintiff" or "SPIS") files this Complaint against Location Based Technologies, Inc. ("Defendant" or "LBT") for infringement of United States Patent No. 9,261,365 (hereinafter "the '365 Patent").

## PARTIES AND JURISDICTION

1.  This is an action for patent infringement under Title 35 of the United States Code.  Plaintiff is seeking injunctive relief as well as damages.

2.  Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent

infringement arising under the United States patent statutes.

3.     Plaintiff is a Texas limited liability company with an address of 1 East Broward Boulevard, Suite 700, Ft. Lauderdale, FL 33301.

4.     On information and belief, Defendant is a Nevada corporation with its principal office located at 7545 Irvine Center Dr., Suite 200, Irvine, CA 92618. On information and belief, Defendant may be served through its agent, David M. Morse, Sr., at the same address, or Incorp Services, Inc., at 3773 Howard Hughes Pkwy., Ste 500S, Las Vegas, NV, 89169 - 6014.

5.     On information and belief, this Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in this District, has conducted business in this District, and/or has engaged in continuous and systematic activities in this District.

6.     On information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in this District.

## VENUE

7.     On information and belief, venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant is deemed to reside in this District. Alternatively, acts of infringement are occurring in this District and Defendant has a regular and established place of business in this District.

## COUNT I

## (INFRINGEMENT OF UNITED STATES PATENT NO. 9,261,365)

8.     Plaintiff incorporates paragraphs 1 through 7 herein by reference.

9.     This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq*.

10.    Plaintiff is the owner by assignment of the '365 Patent with sole rights to enforce the '365 Patent and sue infringers.

11.    A copy of the '365 Patent, titled "Device, System and Method for

Remotely Entering, Storing and Sharing Addresses for a Positional Information Device," is attached hereto as Exhibit A.

12.     The '365 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

13.     Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 1, of the '365 Patent by making, using (at least by having its employees, or someone under Defendant's control, test the accused Product), importing, selling, and/or offering for sale associated hardware and software for asset locating services (e.g., PocketFinder asset tracking platform, and any associated hardware, apps, or other software) ("Product") covered by at least Claim 1 of the '365 Patent. Defendant has infringed and continues to infringe the '365 patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

14.     The Product provides an asset tracking system for real-time GPS tracking of assets. A user can receive location information on a positional information device (e.g., mobile device or computer). Certain aspects of this element are illustrated in the screenshot(s) below and/or in those provided in connection with other allegations herein.



Source: https://pocketfinder.com/



Source: https://pocketfinder.com/

15.    The Product software sends a request from a first (requesting) positional information device (e.g., mobile device or desktop with software installed) to a server. The request is for the real-time location (e.g., stored address) of an asset, and includes

a first identifier of the requesting positional information device (e.g., user ID and password for the Product software used in the particular enterprise). The request is sent to the Product server for transmitting the asset location. The server receives the at least one address from a second (sending) positional information device at the asset (e.g., employee). Certain aspects of this element are illustrated in the screenshot(s) below and/or in those provided in connection with other allegations herein.



Source: https://pocketfinder.com/howitworks/

1
2
3
4
5
6
7
8
9
10

- PocketFinder sends GPS location as frequently as every 60 seconds Vehicle and 10 seconds PocketFinder+ through the cellular network.

- Cellular carrier sends encrypted data to PocketFinder servers.

- Customer logs into secure account using smartphone, tablet, or computer.

11   Source: https://pocketfinder.com/howitworks/

12

13      16.    The at least one address is received from the server at the requesting
14   positional information device.   For example the Product's server transmits the
15   position of an asset (at least one address) to the requesting positional information
16   device.   Certain aspects of this element are illustrated in the screenshot(s) below
17   and/or in those provided in connection with other allegations herein.

18
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14



15 Source: https://pocketfinder.com/howitworks/

16

17 • PocketFinder sends
18   GPS location as
19   frequently as every 60
20   seconds Vehicle and
      10 seconds
21   PocketFinder+ through
22   the cellular network.

23 • Cellular carrier sends
24   encrypted data to
25   PocketFinder servers.

• PocketFinder receives
  GPS location data from
  multiple satellites or
  triangulation of
  multiple Wi-Fi signals
  through Google's Wi-Fi
  Touch.

26 Source: https://pocketfinder.com/howitworks/

27

28    17.   A second identifier for the second (sending) positional information

device is determined based on the first identifier and the server retrieves the at least one address stored in the at least one sending positional information device.  The Product application installed on the requesting positional information device requests (from the server) the asset's GPS location (i.e., at least one stored address stored). As shown above, before activating the tracker (i.e., the sending positional information device), a unique tracking device's ID number or credentials (i.e., second identifier) needs to be added to the user's account identified by the user login ID and password (i.e., the first identifier). Hence, the tracker device's ID number or asset credentials (i.e., second identifier) is mapped to the user's login ID (i.e., the first identifier) for tracking the real-time location (i.e., at least one stored address stored) of the asset. Certain aspects of this element are illustrated in the screenshot(s) below and/or in those provided in connection with other allegations herein.




Source: https://apps.apple.com/us/app/pocketfinder-2/id468281892#?platform=iphone
Source: https://pocketfinder.com/

COMPLAINT AGAINST LOCATION BASED TECHNOLOGIES, INC.

1
2
3
4
5
6
7
8

- PocketFinder sends GPS location as frequently as every 60 seconds Vehicle and 10 seconds PocketFinder+ through the cellular network.

- Cellular carrier sends encrypted data to PocketFinder servers.

- PocketFinder receives GPS location data from multiple satellites or triangulation of multiple Wi-Fi signals through Google's Wi-Fi Touch.

9

Source: https://pocketfinder.com/howitworks/



Source: https://www.pocketfinder.net/NewAccount.aspx



Source: https://www.pocketfinder.net/

COMPLAINT AGAINST LOCATION BASED TECHNOLOGIES, INC.

18.     Defendant's actions complained of herein will continue unless Defendant is enjoined by this court.

19.     Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

20.     Plaintiff is in compliance with 35 U.S.C. § 287.

## **DEMAND FOR JURY TRIAL**

21.     Under Rule 38 and L.R. 38-1, Plaintiff requests a trial by jury of any issues so triable by right.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks the Court to:

(a)     Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

(b)     Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receive notice of the order from further infringement of United States Patent No. 9,261,365 (or, in the alternative, awarding Plaintiff a running royalty from the time of judgment going forward);

(c)     Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

(d)     Award Plaintiff pre-judgment and post-judgment interest and costs; and

(e)     Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: September 19, 2021          Respectfully submitted,


                                   */s/ Stephen M. Lobbin*
                                   ***Attorney(s) for Plaintiff Social Positioning Input Systems, LLC***